IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TYRONE DAVIS,            | No. C 09-04964 SI |
|     Plaintiff, | **ORDER RE: DISCOVERY (doc. 22)** |
|   v. | |
| UNITED STATES OF AMERICA, | |
|     Defendant. | |

On October 25, 2010, defendant United States of America submitted a letter to the Court seeking an order requiring plaintiff Tyrone Davis to submit to an independent mental examination. Doc. 22. Plaintiff opposes the request, arguing that he has not put his mental health at issue.

Plaintiff has sued defendant for failure to obtain informed consent and medical negligence in connection with the administration to plaintiff of the drug Olanzapine by the Veteran Administration Hospital ("VA Hospital") in Palo Alto in June 2007. Compl. ¶¶ 5–6. Plaintiff alleges that the VA Hospital knew but failed to disclose that the drug had a serious risk of increasing plaintiff's glucose levels and causing him to develop diabetes, and that the VA Hospital could have used other less dangerous drugs. *Id.* ¶¶ 6–7, 11. Plaintiff alleges that the VA Hospital failed to monitor his glucose levels adequately after administering the Olanzapine. *Id.* ¶ 9. And plaintiff alleges that he did, in fact, develop diabetes. *Id.* ¶ 8. Plaintiff seeks damages for the emotional distress "an ordinary person would likely experience under the same circumstances." Doc. 22 Ex. A at 2 (Pl. Response to Def. RFA 3).

It appears from the record that there is no dispute as to whether plaintiff will disclose (or has already disclosed) his past medical records to defendant. However, defendant requests, in addition, the opportunity to have its own psychiatrist examine plaintiff now.

Federal Rule of Civil Procedure ("Rule") 35 permits "[t]he court where the action is pending [to] order a party whose mental . . . condition . . . is in controversy to submit to a . . . mental examination." Fed. R. Civ. P. 35(a)(1). "To permit such an examination, Defendant must establish that: (1) Plaintiff has placed his condition in controversy, and (2) good cause exists for the examination." *Tan v. City & County of San Francisco*, No. C 08-01564 MEJ, 2009 WL 594238, * 1 (N.D. Cal. March 4, 2009) (citing *Schlagenhauf v. Holder*, 3798 U.S. 104, 116–17 (1964)).

After conducting a detailed survey of cases, the court in *Turner v. Imperial Stores*, 161 F.R.D. 89 (S.D. Cal. 1995), explained what it means for a party to have placed his mental condition in controversy:

> [C]ourts will order plaintiffs to undergo mental examinations where the cases involve, *in addition to a claim of emotional distress*, one or more of the following: 1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of a specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's concession that his or her mental condition is 'in controversy' within the meaning of Rule 35(a).

*Id.* at 95 (emphasis added).

Although the allegations in this case stem from defendant's treatment of plaintiff for a psychiatric condition, Defendant has not shown that this case involves any of the factors that would elevate this case above a garden variety emotional distress case. Plaintiff has not made a claim for infliction of emotional distress. Plaintiff has not made any allegations regarding a specific mental or psychological injury or disorder that he suffers *now*, and there is no indication that a new mental examination would shed light on the episode of what plaintiff has called acute paranoia that plaintiff suffered in June 2007 and for which he was treated with Olanzapine. He is not claiming any unusually severe emotional distress; to the contrary, he is claiming only what the ordinary person would suffer. Finally, although plaintiff plans to call an expert to testify, that expert will be testifying about emotional distress damages and not an alleged mental injury—and, moreover, he will testify regarding the ordinary person and not plaintiff in particular. *See Tomlin v. Holecek*, 150 F.R.D. 628 (D. Minn. 1993) (allowing an examination where the plaintiff intended to elicit expert psychological testimony to prove his claim "that he has sustained a severe and permanent psychological injury"); *see also Turner,* 161 F.R.D. at 97 ("This court concludes that 'emotional distress' is not synonymous with the term 'mental injury' as

used by the Supreme Court in *Schlagenhauf v. Holder* for purposes of ordering a mental examination of a party under Rule 35(a) . . . .").

Defendant argues that plaintiff's mental condition is relevant to the question of liability. However, it is plaintiff's mental condition *at the time of hospitalization* that is potentially relevant to the question of liability, not his mental condition today. This distinguishes the current situation from those addressed in the cases cited by defendant. See, e.g., Tan, 2009 WL 594238, at * 3 ("[I]nformation concerning his mental condition is relevant to challenge his capacity."); *Hodges v. Keane*, 145 F.R.D. 332, 334 (S.D.N.Y 1993) ("In essence, defendants maintain that a medical examination can determine whether Hodges was a pathological liar suffering from paranoid schizophrenic delusions of persecution affecting his memory and perception of events at the time of the events relevant to these actions and at the trial itself.").[1]

The Court hereby DENIES defendant's request for a mental examination of plaintiff without prejudice to it being renewed upon the presentation of evidence that plaintiff's *current* psychological condition is in controversy and that good cause exists for the examination. (Doc. 22.)

**IT IS SO ORDERED.**

Dated: December 20, 2010

SUSAN ILLSTON
United States District Judge

---

[1] Although the *Hodges* court permitted the examination, it withheld a ruling on the admissibility of the results and ordered the defendants to pay the cost for the indigent plaintiff to hire an expert to address or rebut any opinion proffered by the defense expert. *Id.* at 335–36.

3